ROCKLAND COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—January, 1883.

## GILLIES V. KREUDER.

*In the matter of the application of* JOHN W. GILLIES, *and
another, for leave to issue execution against the prop-
erty of* CHARLES KREUDER, *deceased, intestate.*

An order, addressed to one individually, to show cause why he should not
be punished for contempt, for disobeying a Surrogate's decree, ren-
dered against him as an administrator, may, where the party is not
misled, be amended, or the mistake may be disregarded, under Code
Civ. Pro., §§ 723, 2538.

An application, under Code Civ. Pro., § 1381, subd. 2, for leave to issue
execution against a decedent's property, is an original special proceed-
ing, commenced by petition and citation, and terminating in a decree
or final order which may, in case of a contest, award costs as provided
in id., § 2561.

Where the leave granted is to issue execution against decedent's *real prop-
erty*, the provision of Code Civ. Pro., § 2552, making "an order permit-
ting a judgment creditor to issue an execution," etc., conclusive evi-
dence of assets, is inapplicable; but if the administrator is directed to
pay costs, which he omits to do, he is guilty of disobedience to a decree
directing the payment of money,—which is conclusive evidence of as-
sets, under that section,—and he is amenable to commitment.

An administrator, in such a case, by alleging that he has no assets of the
estate, shows no cause why he should not be punished for disobedience;
for *non constat* that he has not squandered the same.   Code Civ. Pro., §
15, does not protect him from arrest for non-payment of such costs.

As to what questions may be tried by the Surrogate's court, upon a petition
for leave to issue execution against a decedent's property, under the
provision of Code Civ. Pro., § 1381, subd. 2, that, upon the return of
a citation, the Surrogate "must make such a decree in the premises as
justice requires," *quære.*

THIS matter came before the Surrogate of Westchester
county, under the provisions of § 2485 of the Code.  The
application was made under § 1380, for a decree granting

leave to issue execution against the real property of the decedent. All the proper parties were brought in by process, and, after a contest, a decree was made granting the leave prayed for, with costs to be paid by the administratrix.

On proof of service of a copy of the decree, and of demand and refusal to pay, an order was made directing "Augusta Kreuder," not as administratrix, to show cause why she should not obey the decree and pay said costs, or be punished for her refusal. The costs directed to be paid to the petitioners were fifty dollars, and ten dollars to the guardian *ad litem* for an infant. When the parties appeared, it was first objected, by counsel for Mrs. Kreuder, that the order should have been addressed to her as administratrix, and not individually. Without waiving the objection, he then filed an affidavit with a view of showing cause why she should not pay the costs; the most material and important reason being that she had no assets of the estate. The petitioner then presented a certified copy of the inventory filed by the administratrix, which disclosed assets to the amount of $1,400.

WM. McCAULEY, JR., *for petitioners.*

SETH B. COLE, *for administratrix.*

THE SURROGATE.—The objection taken on behalf of the administratrix is quite technical. The order to show cause is entitled in the original proceeding, and the order itself refers to the decree made therein, a copy of which had been served upon her, so that she could not have been misled. I think the order may, under the provisions of § 723 of the Code made applicable to Surrogates' courts by § 2538, be amended, or the mistake be disregarded.

As to the merits of the matter, I do not see why Mrs. Kreuder should not obey the decree by paying the costs. Her counsel seemed to think the amount of costs large, and so, at first, it would appear, when, on a motion made in the Supreme Court, as provided by § 1380, only ten dollars can be allowed. But, it will be seen that the cases are different. In the latter court, a mere motion, on notice to the parties interested, is made, and results in making an order granting or denying the motion, and is, under § 767, a mere order, because it is not contained in a judgment. Such a direction, in this court, if not included in a decree, is a mere order, and the costs of that would be the same as in the Supreme Court (§ 2556). But in this case, the statute distinctly defines the direction of the court to be a decree (§§ 1380, 1381, *Throop's Code, and Notes*). To obtain it, a petition must be presented, citations issued, and appropriate proceedings be had on its return. Precisely what questions may be tried, the statute fails to indicate, any farther than the general direction to the Surrogate to make such decree as may seem just. It is said, in the case of the Marine Bank v. Van Brunt (*49 N. Y., 161*), that the Surrogate, on such an application, can regulate and adjust the equities of different claimants upon the estate, and provide for a proper preservation and distribution of the assets, while the court of law can only determine the legal rights of the individual judgment debtor. In this matter, there was a contest, and costs were allowed to the petitioners under § 2561. I have deemed it proper thus to point out the difference between the proceedings in the two courts, as affecting the question of costs, although it is not perceived that it has any bearing upon the application now

pending, except in so far as the objection of the adminis-
tratrix's counsel is concerned, to the effect that, the direc-
tion to issue execution being an order, she could not be
arrested or imprisoned as provided in § 15. But that sec-
tion does not apply to the costs awarded by a final order,
such as this is shown to be (§ 2550).

By way of excusing the administratrix for not obeying
the decree in respect to the payment of costs, her counsel
presents her affidavit, in which, among other things, she
declares that she has no assets of the estate. She does
not say that the intestate left no assets, nor, if he did,
does she show how they were disposed of. But the peti-
tioners presented a copy of her inventory, by which it
appears that he left assets which were appraised at $1,400.
Her affidavit, in this regard, may be true, and yet, in law,
she might be adjudged liable, as if she virtually still had
them, as where she had misapplied or squandered them.
The petitioners' counsel claims that the decree authoriz-
ing the issuing of execution, is, under § 2552 of the Code,
conclusive evidence of assets. That section is not appli-
cable to a case like this, in so far as the issuing of execu-
tion is concerned, but must be regarded as relating ex-
clusively to cases where an effort is made to collect a
judgment out of assets. But, as the decree permitting
the issuing of an execution in this matter also directed
the payment, by the administratrix, of money, to wit, the
costs, to the petitioners who were creditors of the estate,
I regard the other provisions of that section as applicable,
and hold that such decree is conclusive evidence of assets.
I think I am justified in finding that the administratrix
has assets more than sufficient to pay the costs, if such a
finding be material.

The decree authorizing the issuing of the execution, directed the payment of money also, and the case is thus brought within the provisions of § 2555 of the Code; and, the delinquent being an administratrix, and the decree relating to the estate which she represents, as specified in subd. 4 of that section, she may be punished for a contempt of court for not making the payment of $50, as directed.

A writ or process of commitment will issue accordingly.